NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 28 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-7781 |
| Plaintiff - Appellee, | D.C. No. 3:21-cr-05213-DGE-1 |
| v. | |
| KENDLE RASHEN HAWKINS, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
David G. Estudillo, District Judge, Presiding

Argued and Submitted April 20, 2026
Seattle, Washington

Before: McKEOWN, W. FLETCHER, KOH, Circuit Judges.

Kendle Hawkins appeals the denial of his motions to suppress evidence obtained from a vehicular search. Hawkins argues that the evidence should have been suppressed as "fruit of the poisonous tree" because the search resulted from two allegedly defective warrants. We review de novo the denial of a motion to suppress and for clear error any underlying factual findings. *United States v.*

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

*Payne*, 99 F.4th 495, 501–02 (9th Cir. 2024). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Hawkins's challenge fails because law enforcement had a lawful basis to stop and search the vehicle independent of the earlier warrants. Officers observed the vehicle speeding, which provided probable cause to conduct a traffic stop. *See Whren v. United States*, 517 U.S. 806, 810 (1996). That officers may have had a "dual motive" for the stop is irrelevant because there is no dispute that a reasonable officer would stop a car for speeding under the circumstances. *See United States v. Orozco*, 858 F.3d 1204, 1213 (9th Cir. 2017); Oral Arg 1:17:30–55. While the stop was ongoing, officers were allowed to conduct "unrelated investigations that did not lengthen the roadside detention," including deploying a narcotics-detection dog to the exterior of the vehicle. *Rodriguez v. United States*, 575 U.S. 348, 354 (2015); *see also Illinois v. Caballes*, 543 U.S. 405, 408 (2005) (explaining that a "dog sniff [does] not change the character of a traffic stop that is lawful at its inception and [is] otherwise executed in a reasonable manner"). The canine unit's positive alert, in turn, furnished probable cause to search the car.[**]

---

[**] The dog's lack of specific training to detect fentanyl—the substance ultimately found in the car—does not change that conclusion. Hawkins makes no argument that the canine was insufficiently reliable as a general matter. *See Caballes*, 543 U.S. at 409 (rejecting similar argument "call[ing] into question the premise that drug-detection dogs alert only to contraband" without "evidence or findings").

Hawkins argues that officers unlawfully extended the stop to facilitate the dog sniff by removing both him and the driver from the car.[***] But that step was justified, too. Officers explained that they gave the order to exit the vehicle after observing a high-capacity magazine in the glove compartment. Their decision was a reasonable way to attend to officer safety concerns and was therefore within the stop's lawful scope. *Rodriguez*, 575 U.S. at 354.

For those reasons, we need not address whether the initial search warrants lacked probable cause or whether the good-faith exception to the warrant requirement would apply.

**AFFIRMED.**

---

[***] To the extent that Hawkins alleges that the dog sniff itself extended the stop, no evidence in the record supports that allegation.